JOYCE CHASE V. THE STATE.

No. 9970.  Delivered March 10, 1926.

**Theft—Continuance—No Diligence Shown—Properly Refused.**

Where, on a charge of theft of an automobile, no error is presented in the refusal of appellant's application for a continuance, no diligence was shown, nor is the absent witness of a co-defendant, as set out,

believed to be true or material in the light of the evidence adduced. No error appearing in the record, the cause is affirmed.

Appeal from the Criminal District Court of Dallas County. Tried below before the Hon. Felix D. Robertson, Judge.

Appeal from a conviction of theft of an automobile, penalty two years in the penitentiary.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in Criminal District Court of Dallas County of theft; punishment fixed at two years in the penitentiary.

The charge was theft of an automobile. Appellant sought a continuance, but the application is not sufficient on the question of diligence, nor is the absent testimony believed to be true or material in the light of the evidence adduced.

There are four bills of exception, each of which is qualified by the trial court, and as qualified presents no error. In one complaint is made of the remarks of the court to appellant, but the qualification makes plain the fact that the remarks were addressed to appellant in the absence of the jury. In one of the others it is shown by the explanation that most of the matters set up as objected to were introduced without objection. Another bill complains of the asking of appellant while on the witness stand as to the last time he had seen Joe Evans. It is not shown that the question was answered. Evans was the party claimed by appellant to have induced him to take said car, and if connected with the transaction at all would be a co-defendant.

We have considered each ground of objection and believe appellant to have had a fair trial, and that the jury were fully warranted in returning a verdict of guilty.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*